**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| **In re:** Roger Lee Tisdale<br>358 Hermitage Rd.<br>Staunton, VA  24401<br><br>Cathy Marie Tisdale<br>108 Shady Oaks Lane<br>Staunton, VA  24401<br>Debtor(s) | **CASE #:**  11-51531-RWK<br><br>**CHAPTER:**  7<br><br>**DATE FILED:**  October 27, 2011 |
| **TRUSTEE:**<br>Charles R. Allen, Jr.<br>120 Church Ave SW<br>Roanoke, VA  24011 | **COUNSEL FOR DEBTOR(S):**<br>Roland S. Carlton, Jr.<br>118 MacTanly Place<br>Staunton, VA  24401 |

**ORDER STAYING LEVY OR GARNISHMENT**

Upon the filing of the debtor's petition in this Court the stay of 11 U.S.C. §362(a) immediately became effective prohibiting certain acts and proceedings against the debtor and the debtor's property which prohibits any creditor or other entity from employing any process or commencing or continuing any action, lawsuit, enforcement of any judgment or any lien against property, by attachment, judgment, garnishment, levy or other legal or equitable process or proceeding without first applying to and receiving relief from this Court. Pursuant to the foregoing, it is accordingly ADJUDGED and ORDERED that:

(1)     any employer or other party holding wages or funds withheld under garnishment or levy of execution (post-petition) following the date the petition was filed shall pay to the debtor/trustee said funds and file with Counsel for the Debtor shown above a statement of all funds previously withheld from funds or otherwise due debtor under garnishment or other process pending and any other funds being withheld from debtor, and/or levies of property of the debtor, to-wit: **Wages** garnished at **Reynolds Packaging LLC** by **Ob-Gyn Associates** . Further, the employer or other party shall deliver to Counsel for the Debtor or trustee if debtor is not represented by counsel, for further Order of the Court, the pre-petition withheld funds not later than the date of the §341 Meeting of Creditors on **November 29, 2011** or within fourteen (14) days after entry of this order if the §341 Meeting of Creditors has already been held.

(2)     the employer or other party shall file a copy of this Order with its answer and report to the appropriate State Court Clerk's Office which issued said garnishment or levy of execution. This Order shall be sufficient authority for the employer or other party to so act hereunder and said party is hereby held harmless for its action pursuant to this Order.

(3)     **any party objecting to entry of this order will have fourteen (14) days from the date of this order to file objections with the court and to schedule a hearing on same.**

Service of a copy of this Order is being made to the employer, if applicable, Sheriff, if levy is in effect, judgment creditor(s), debtor, debtor's attorney, Trustee, U.S. Trustee, the Clerk of the appropriate State Court issuing the garnishment or levy and other parties in interest.

**DATED:  October 28, 2011**

*Ross W. Krumm*
_____
**ROSS W. KRUMM, JUDGE**

oglgk.frm